UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTOPHER SHELTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.  ) | Case No. 1:23-cv-00992-TWP-CSW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING MOTION FOR RELIEF UNDER 28 U.S.C. § 2255
AND DENIAL OF CERTIFICATE OF APPEALABILITY**

This matter is before the Court on a Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255, filed by Petitioner Christopher Shelton ("Shelton") (Dkt. 1). In May 2022, Shelton pled guilty and was convicted of Conspiracy to Possess with Intent to Distribute 500 grams or more of Methamphetamine. He is serving a 262-month prison sentence. He alleges ineffective assistance of trial counsel, and asks the Court to vacate his sentence and guilty plea. For the following reasons, his motion is **denied**, and this action is **dismissed** with prejudice.

## I. THE § 2255 MOTION

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which

results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. BACKGROUND

A grand jury indicted Shelton and six codefendants in July 2020. (Crim. Dkt.[1] 1). Six months later, a grand jury returned a superseding indictment charging the same seven defendants. (Crim. Dkt. 144). Shelton was charged with conspiring to possess with intent to distribute (and to distribute) at least 500 grams of a substance containing methamphetamine (Count 1) and possessing with intent to distribute at least 50 grams of actual methamphetamine (Count 3).

The text of Count 1 is relevant to a material issue in this case. It states, in relevant part:

> Beginning at a date unknown to the grand jury, and continuing up to and including August 3, 2020, in the Southern District of Indiana, CHRISTOPHER SHELTON a/k/a Horse [. . .] did knowingly conspire [. . .] to possess with intent to distribute and to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(l) and 846.

*Id.* at 1–2.

In September 2021, Shelton petitioned the Court to plead guilty pursuant to an agreement with the government. (Crim. Dkt. 269). He agreed to plead guilty to Count 1 (the conspiracy charge), and the government agreed that it would move to dismiss Count 3 (possession with intent to distribute controlled substances). *Id.* ¶¶ 1–2.

The parties stipulated to a factual basis for the plea. *Id.* ¶ 22. Specifically, Shelton stipulated that:
- he sold approximately 890 grams of methamphetamine to FBI agents in controlled buys.
- he conspired with his codefendants to distribute methamphetamine.
- he sold about 134 grams of methamphetamine to a coconspirator.

---

[1] *United States v. Shelton*, No. 1:20-cr-00172-TWP-KMB-1.

- another person was arrested with about 634 grams of methamphetamine intended for Shelton.
- Officers seized over $15,000 of drug money from Shelton's home.

*Id.* Under 21 U.S.C. § 841(b)(1)(A)(viii), Shelton faced a statutory sentencing range between ten years and life imprisonment. The presentence investigation report (PSR) writer determined that the Chapter Four sentencing enhancement applied because Shelton had two prior felony convictions for controlled substance offenses. (Crim. Dkt. 336 ¶ 28). Under the sentencing guidelines, this elevated Shelton's offense level to 37 and his criminal history category to VI. U.S. Sentencing Commission, *Guidelines Manual* at § 4B1.1 (2021 ed.). Shelton's counsel objected to the ¶ 28 Chapter Four Enhancement, arguing;

> "While the defense agrees that Mr. Shelton has sustained two prior felony convictions of a controlled substance, we ask the Court to make an independent determination if the career offender enhancement is appropriate. Mr. Shelton's prior qualifying convictions are for drug related offenses and he has not sustained a conviction for a crime of violence."

*Id*. at 26. Adjusting for acceptance of responsibility, the presentence writer calculated that the guidelines called for an advisory sentencing range of between 262- and 327-months imprisonment. (Crim. Dkt. 336 ¶ 86). In the plea agreement, the parties agreed that they would recommend to the Court a sentence at the low end of the advisory guidelines as determined by the Court. (Crim. Dkt. 269 ¶ 10).

On May 25, 2022 the Court conducted a change of plea and sentencing hearing. (Crim. Dkt. 420). At the change of plea portion of the hearing, counsel for the government read the stipulated factual basis for the plea into the record. *Id.* at 19:19–20:23. Shelton affirmed under oath that those facts were "the truth" and "what happened." *Id.* at 21:3–5. At the conclusion of the colloquy, the Court accepted Shelton's guilty plea and found that he entered it knowingly and

voluntarily. *Id.* at 26:7–17. The Court accepted Shelton's guilty plea and proceeded with the sentencing hearing.

At sentencing, Shelton's attorney, Gwendolyn Beitz ("Beitz"), objected to ¶ 28 of the PSR, the application of the § 4B1.1 career offender enhancement. Beitz conceded that Shelton had two prior drug trafficking convictions that made the enhancement applicable on its face. However, Beitz argued the enhancement should not apply because Shelton had no prior convictions for crimes of violence. She relied on a recommendation from the Sentencing Commission that had not yet been adopted by Congress that the enhancement should apply only to those defendants with at least one crime of violence. *Id.* at 27:12–29:19.

The Court made an independent determination and found that the two prior convictions listed in ¶ 28 (dealing in cocaine under cause number 49G20-0306-FB-093455, in Marion County, Indiana, and dealing in a narcotic drug under cause number 29D03-1406-FB-004790 in Hamilton County, Indiana) met the criteria of controlled substance offenses according to the guidelines. The Court overruled the objection and found that the enhancement should apply. *Id.* at 30:20–31:9. The Court applied the Chapter Four Enhancement and concluded that the advisory guideline sentencing range was 262 to 327 months imprisonment. *Id.* at 33:20–21.

Consistent with the plea agreement, Beitz and the government each recommended a 262-month sentence, the lowest in the Guidelines range. *Id.* at 45:25–46:2, 48:20–24. The Court accepted their recommendation and issued a sentence of 262 months. *Id.* at 55:11–16.

### III. ANALYSIS

Shelton seeks relief from his guilty plea and sentence for three reasons, all rooted in the theory that Beitz's representation fell below the Sixth Amendment's guarantee of effective assistance. A § 2255 movant claiming ineffective assistance bears the burden of showing (1) that

4

counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *Resnick v. United States*, 7 F.4th 611, 619 (7th Cir. 2021).

It is fundamental that the § 2255 movant faces the burden of demonstrating both deficient performance and prejudice. *See, e.g.*, *Williams v. United States*, 879 F.3d 244, 249 (7th Cir. 2018) ("To demonstrate prejudice, Williams had the burden to show a reasonable probability" of a different outcome "but for the failure by his counsel."). "Only if the petitioner comes forward with 'specific acts or omissions of his counsel that constitute ineffective assistance'" does the Court "consider 'whether these acts or omissions were made outside the wide range of professionally competent assistance.'" *Hutchings v. United States*, 618 F.3d 693, 697 (7th Cir. 2010) (quoting *Berkey v. United States*, 31789 F.3d 768, 772 (7th Cir. 2003)).

A guilty plea "cannot be 'knowing and voluntary' if it resulted from ineffective assistance of counsel." *Hurlow v. United States*, 726 F.3d 958, 967 (7th Cir. 2013). A petitioner who has pled guilty can establish prejudice only by demonstrating "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). For this reason, "[t]he nature of relief secured by a successful collateral challenge to a guilty plea [is] an opportunity to withdraw the plea and proceed to trial." *Padilla v. Kentucky*, 559 U.S. 356, 372–73 (2010).

A.     **Failure to Challenge Technical Defects in Superseding Indictment**

Shelton first asserts that the indictment was technically defective because of two critical omissions. First, Count 1 did not charge, as Shelton argues it must, that he acted intentionally. Second, rather than describe the conspiracy as beginning and ending on finite dates, Count 1

describes the conspiracy as "[b]eginning at a date unknown to the grand jury, and continuing up to and including August 3, 2020." (Crim. Dkt. 144 at 1).

Shelton argues that Beitz performed deficiently and prejudiced him because she did not move to dismiss the indictment based on these defects. But Shelton's legal assessment of the indictment is incorrect, and "[f]ailure to raise a losing argument . . . does not constitute ineffective assistance of counsel." *Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996).

**1. Intent Element**

"An indictment must include all of the essential elements of the crimes alleged therein, and each basis for conviction must be 'clearly set out in the indictment.'" *United States v. Palumbo Bros.*, 145 F.3d 850, 860 (7th Cir. 1998) (quoting *United States v. Miller*, 471 U.S. 130, 136 (1985)). The grand jury charged Shelton with conspiring to possess methamphetamine with intent to distribute it and of conspiring to actually distribute methamphetamine. The elements of possessing with intent to distribute include that the defendant "knowingly possessed" methamphetamine and "intended to distribute" it. Committee on Federal Criminal Jury Instructions of the Seventh Circuit, *The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit* at 998 (2023 Ed.) (avail. at https://www.ca7.uscourts.gov/pages/LandingPage.php?page=pattern_jury_instructions). The elements of distributing include simply that the defendant "knowingly distributed" the drugs. *Id.* at 995.

The superseding indictment charged that Shelton and his codefendants "did knowingly conspire . . . to possess with intent to distribute and to distribute" methamphetamine. (Crim. Dkt. 144 at 1–2). In other words, the defendants knowingly conspired to possess methamphetamine with intent to distribute methamphetamine, and they knowingly conspired to distribute

methamphetamine. Count 1 of the indictment covered all essential elements. There was no discrepancy on which Beitz could have based a meritorious motion to dismiss.

### 2. Finite Date

"Unless the particular date is an element of the alleged offense, it is generally sufficient to prove that the offense was committed on any day before the indictment and within the statute of limitations." *United States v. Leibowitz*, 857 F.2d 373, 378 (7th Cir. 1988). The dates of Shelton's drug activities were not elements of the offense charged. Accordingly, any motion to dismiss the indictment based on the absence of a finite start date for the conspiracy would have failed, and Beitz cannot be deemed deficient for failing to raise such a motion.

### B. Career Offender Enhancement

Shelton next argues that Beitz performed deficiently by failing to argue that neither his offense of conviction (conspiring to possess methamphetamine with intent to distribute) nor his previous Indiana convictions (dealing cocaine and narcotics) were "controlled substance offenses" eligible for Guidelines § 4B1.1's career offender enhancement.

"A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." *Guidelines Manual* at § 4B1.1(a). "The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." *Id.* at §4B1.2(b).

Shelton argues that a conspiracy conviction, even for a conspiracy to sell drugs, is not a qualifying "controlled substance offense." The Guidelines expressly hold otherwise: "'Crime of violence' and 'controlled substance offense' include the offenses of aiding and abetting, *conspiring*, and attempting to commit such offenses." *Id.* at § 4B1.2 n.1 (emphasis added). And, for good measure, the Seventh Circuit has expressly rejected Shelton's argument. *See United States v. White*, 97 F.4th 532, 537 (7th Cir. 2024).

Shelton also appears to argue that his prior Indiana convictions are not "controlled substance offenses" because the state statutes defining those crimes are broader than their federal counterparts. *See* Dkt. 1 at 7 (citing *Mathis v. United States*, 579 U.S. 500 (2016)). This might be a compelling argument if Shelton's sentence was enhanced under 18 U.S.C. § 924(e). However, the Guidelines apply a broad definition of "controlled substance offense" that encompasses state drug crimes that do not align perfectly with their federal counterparts. *United States v. Wallace*, 991 F.3d 810, 816–17 (7th Cir. 2021).

Beitz would not have had a sound basis for arguing that Shelton's current or previous offenses were not "controlled substance offenses" making him eligible for the enhancement. She therefore could not have represented him ineffectively solely by failing to raise such an objection.

C.   **Miscellaneous Objections**

Shelton asserts several miscellaneous errors, each of which fail.

He argues that Beitz should have objected to the PSR's determinations regarding the quantity and purity of methamphetamine attributable to him. (Dkt. 1 at 13). Even if he is correct as a technical matter, though, her failure to raise those objections did not prejudice Shelton. The PSR reflects a base offense level of 36 accounting for the drug quantities and purity to which Shelton now objects. (Crim. Dkt. 336 ¶ 22). Because the Court found that the career offender

enhancement applied, his offense level automatically increased to 37. *Guidelines Manual* at § 4B1.1(b). Regardless of the drug quantity or purity, because the Chapter Four enhancement applied, he was in criminal history category VI.

Shelton also argues that Beitz performed deficiently by failing "to request a 'downward variance.'" (Dkt. 1 at 13). To the extent Shelton means that Beitz should have asked the Court to decline to apply the career offender enhancement because he had no prior convictions for crimes of violence, she made precisely that argument at sentencing.

> I would agree that Congress has not acted on that yet, the information within it is still valid. And that information is that the career offender directive was recommended should be amended to differentiate between those who have simply drug convictions and those who have at least one crime of violence. They have found that career offenders who have committed a violent instant offense or a violent prior offense generally have a more serious and extensive criminal history. In addition, they recidivate at a higher rate than those who have only drug trafficking offenses. In this particular case, Mr. Shelton has no crimes of violence, he only has the drug trafficking offenses that are the basis of his—the enhancement, so we're asking the Court to make the independent determination that under these circumstances it would not be appropriate to give him the enhancement under chapter 4.

(Crim. Dkt. 420 at 27:12–29:19).

To the extent Shelton means that Beitz should have asked the Court to issue a sentence lower than the advisory guidelines range, she could not do so under the terms of the plea agreement. (Crim. Dkt. 269 ¶ 10). The parties—which included Shelton—agreed to request a sentence at the low end of the Guidelines range calculated by the Court. Beitz advocated for the lowest sentence available within those constraints. Had she argued for a lower sentence, she would have breached the agreement and jeopardized the dismissal of Count 3. Accordingly, there is no reasonable argument that Beitz performed deficiently or prejudiced Shelton by declining to push for a downward departure.

## IV. CONCLUSION

For the reasons explained in this Order, Shelton's 28 U.S.C. § 2255 motion is **DENIED**. This action is **dismissed with prejudice**. The **clerk is directed** to enter **final judgment** in this case, to docket a copy of this order in the criminal case, 1:20-cr-00172-TWP-KMB-1, and to **terminate** the pending § 2255 motion in the criminal case, (Crim. Dkt. 405).

## V. DENIAL OF CERTIFICATE OF APPEALABILITY

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Shelton has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 11/21/2025

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

CHRISTOPHER SHELTON
17634-028
MCDOWELL - FCI
MCDOWELL FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1009
WELCH, WV 24801

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov